Michael D. Zoldan – 028128
**SHIELDS PETITTI & ZOLDAN, PLC**
5090 N. 40th Street, Suite 207
Phoenix, Arizona 85018
Telephone: (602) 718-3330
Facsimile: (602) 675-2356
E-Mail: mdz@shieldspetitti.com
E-Mail: docket@shieldspetitti.com

*Attorneys for Defendant*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nexa Mortgage, LLC, an Arizona limited liability company,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>Kristine Wake, an individual; Does 1 through 25,<br><br>　　　　　　Defendants. | No. CV-25-01506<br><br>**ANSWER**<br><br>**(Assigned to Hon. G. Murray Snow)** |

Defendant Kristine Wake ("Wake" or "Defendant"), by and through undersigned counsel, for her Answer to Plaintiff's Complaint, admits, denies, and alleges as follows.

**INTRODUCTION**

1. Paragraph 1 states legal conclusions rather than factual allegations. Accordingly, no response is required. To the extent there are factual allegations alleged therein, Defendant denies them.

2. Defendant admits the allegations contained in Paragraph 2.

1412883.1

## PARTIES, JURISDICTION, AND VENUE

3. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 3 and therefore denies them.

4. Defendant denies the allegations contained in Paragraph 4.

5. Defendant admits the allegations contained in Paragraph 5.

6. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 6 and therefore denies them.

7. Defendant admits the allegations contained in Paragraph 7.

8. Defendant admits the allegations contained in Paragraph 8.

## GENERAL ALLEGATIONS

9. Defendant admits that she was hired by Nexa as an outside loan officer in May 2020 and transitioned to a Loan Officer Support Mentor on or about June 7, 2021. In October 2021, Wake held the title of Director of Training. Defendant lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 9 and therefore denies them.

10. Defendant affirmatively asserts that Paragraph 10 states legal conclusions rather than factual allegations. Accordingly, no response is required. To the extent there are factual allegations alleged therein, Defendant denies them.  Defendant denies any remaining allegations or inferences in Paragraph 10, including its subparts, and affirmatively asserts that the Agreement, in part or in whole, is unenforceable.

11. Defendant denies the allegations contained in Paragraph 11.

1412883.1

12. Defendant admits that she developed certain training materials and certain procedures related to the Academy. Defendant denies that the training materials were unique, confidential, or constitute protectible confidential or trade secret information. Defendant denies any remaining allegations or inferences contained in Paragraph 12.

13. Defendant denies the allegations contained in Paragraph 13.

14. Defendant lacks sufficient information to admit or deny the allegations relating to Nexa's purported knowledge as pled in Paragraph 14 and therefore denies them. Defendant denies any remaining allegations or inferences contained in Paragraph 14.

15. Defendant denies the allegations contained in Paragraph 15.

16. Defendant denies the allegations contained in Paragraph 16.

17. Defendant denies the allegations contained in Paragraph 17.

18. Defendant denies that she wrongfully used any protected material, including purported confidential and proprietary information, as alleged in Paragraph 18. Defendant denies any remaining allegations or inferences contained in Paragraph 18.

19. Defendant denies that she committed wrongdoing and denies that she was terminated. Defendant denies any remaining allegations or inferences contained in Paragraph 19.

20. Defendant denies the allegations contained in Paragraph 20.

21. Defendant denies the allegations contained in Paragraph 21.

22. Defendant affirmatively asserts that she personally financed the purchase of the

1412883.1

domain "whynexaacademy.com" and maintains ownership of it. Defendant denies any remaining allegations or inferences contained in Paragraph 22.

23. Defendant denies the allegations contained in Paragraph 23.

24. Defendant denies the allegations contained in Paragraph 24.

## COUNT I
### Violation of 15 U.S.C. § 1125(d)

25. Defendant reasserts, realleges and incorporates by reference her responses to Paragraphs 1-24 of her Answer.

26. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 26 and therefore denies them.

27. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 27 and therefore denies them.

28. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 28 and therefore denies them.

29. Defendant denies the allegations contained in Paragraph 29.

30. Defendant asserts that she purchased the domain name, using her money, and therefore, the domain name was registered in her name. Defendant denies any wrongdoing associated with the domain name and registration thereof. Defendant denies any remaining allegations or inferences contained in Paragraph 30.

31. Defendant denies the allegations contained in Paragraph 31.

32. Defendant denies the allegations contained in Paragraph 32.

1412883.1

33. Defendant denies the allegations contained in Paragraph 33.

34. Defendant denies the allegations contained in Paragraph 34.

35. Defendant denies the allegations contained in Paragraph 35.

36. Defendant denies the allegations contained in Paragraph 36.

37. Defendant denies the allegations contained in Paragraph 37.

38. Defendant denies the allegations contained in Paragraph 38.

39. Defendant denies the allegations contained in Paragraph 39.

## COUNT II
### Breach of Contract

40. Defendant reasserts, realleges and incorporates by reference her responses to Paragraphs 1-39 of her Answer.

41. Defendant denies the allegations contained in Paragraph 41.

42. Defendant denies the allegations contained in Paragraph 42

43. Defendant denies the allegations contained in Paragraph 43

44. Defendant denies the allegations contained in Paragraph 44

## COUNT III
### Breach of Duty of Loyalty

45. Defendant reasserts, realleges and incorporates by reference her responses to Paragraphs 1-44 of her Answer.

46. Paragraph 46 states legal conclusions rather than factual allegations. Accordingly, no response is required. To the extent there are factual allegations alleged therein,

1412883.1

Defendant denies them.

47. Paragraph 47 states legal conclusions rather than factual allegations. Accordingly, no response is required. To the extent there are factual allegations alleged therein, Defendant denies them.

48. Paragraph 48 states legal conclusions rather than factual allegations. Accordingly, no response is required. To the extent there are factual allegations alleged therein, Defendant denies them.

49. Paragraph 49 states legal conclusions rather than factual allegations. Accordingly, no response is required. To the extent there are factual allegations alleged therein, Defendant denies them.

50. Paragraph 50 states legal conclusions rather than factual allegations. Accordingly, no response is required. To the extent there are factual allegations alleged therein, Defendant denies them.

51. Paragraph 51 states legal conclusions rather than factual allegations. Accordingly, no response is required. To the extent there are factual allegations alleged therein, Defendant denies them.

52. Paragraph 52 states legal conclusions rather than factual allegations. Accordingly, no response is required. To the extent there are factual allegations alleged therein, Defendant denies them.

53. Paragraph 53 states legal conclusions rather than factual allegations.

1412883.1

Accordingly, no response is required. To the extent there are factual allegations alleged therein, Defendant denies them.

54. Paragraph 54 states legal conclusions rather than factual allegations. Accordingly, no response is required. To the extent there are factual allegations alleged therein, Defendant denies them.

55. Paragraph 55 states legal conclusions rather than factual allegations. Accordingly, no response is required. To the extent there are factual allegations alleged therein, Defendant denies them.

56. Paragraph 56 states legal conclusions rather than factual allegations. Accordingly, no response is required. To the extent there are factual allegations alleged therein, Defendant denies them.

57. Paragraph 57 states legal conclusions rather than factual allegations. Accordingly, no response is required. To the extent there are factual allegations alleged therein, Defendant denies them.

58. Paragraph 58 states legal conclusions rather than factual allegations. Accordingly, no response is required. To the extent there are factual allegations alleged therein, Defendant denies them.

59. Paragraph 59 states legal conclusions rather than factual allegations. Accordingly, no response is required. To the extent there are factual allegations alleged therein, Defendant denies them.

1412883.1

60. Defendant denies the allegations contained in Paragraph 60.

61. Defendant denies the allegations contained in Paragraph 61.

62. Defendant denies the allegations contained in Paragraph 62.

63. Defendant denies the allegations contained in Paragraph 63.

64. Defendant denies the allegations contained in Paragraph 64.

## COUNT IV
## Unfair Competition

65. Defendant reasserts, realleges and incorporates by reference her responses to Paragraphs 1-64 of her Answer.

66. Paragraph 66 states legal conclusions rather than factual allegations. Accordingly, no response is required. To the extent there are factual allegations alleged therein, Defendant denies them.

67. Defendant denies the allegations contained in Paragraph 67.

68. Defendant denies the allegations contained in Paragraph 68.

## COUNT V
## Misappropriation of Trade Secrets

69. Defendant reasserts, realleges and incorporates by reference her responses to Paragraphs 1-68 of her Answer.

70. Defendant denies the allegations contained in Paragraph 70.

71. Defendant denies the allegations contained in Paragraph 71.

72. Defendant denies the allegations contained in Paragraph 72.

1412883.1

73. Defendant denies the allegations contained in Paragraph 73.

74. Defendant denies the allegations contained in Paragraph 74.

75. Defendant denies the allegations contained in Paragraph 75.

76. Defendant denies the allegations contained in Paragraph 76.

77. Defendant denies the allegations contained in Paragraph 77.

78. Defendant denies the allegations contained in Paragraph 78.

79. Defendant denies the allegations contained in Paragraph 79.

80. Defendant denies the allegations contained in Paragraph 80.

## JURY DEMAND

Defendant does not contest that Plaintiff is entitled to a jury.

## GENERAL DENIAL

Defendant denies each and every allegation alleged in Plaintiff's Complaint unless it is specifically admitted in this Answer.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted against Defendant.

2. Plaintiff failed to satisfy the prerequisites, jurisdictional or otherwise, to bring some or all of the claims alleged in the Complaint.

3. Plaintiff is not entitled to recover some or all of the damages it seeks because it has failed to mitigate or reasonably attempt to mitigate its purported damages as required by

1412883.1

law.

4. Some or all of Plaintiff's claims are barred by the doctrines of estoppel and waiver.

5. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches due to Plaintiff's unreasonable delay in asserting its rights, which has prejudiced Defendant.

6. Some or all of Plaintiff's claims are barred by its own conduct.

7. Some or all of Plaintiff's claims are barred by Plaintiff's comparative fault.

8. Any alleged contractual obligations or restrictive covenants are void, voidable, or otherwise unenforceable under applicable law, including but not limited to overbreadth in scope, duration, or geography, lack of consideration, vagueness, or violation of public policy.

9. Plaintiff materially breached the alleged agreements and/or its own obligations first, thereby excusing Defendant from any further performance.

10. To the extent Defendant engaged in any acts alleged in the Complaint, such acts were expressly or impliedly authorized, consented to, or ratified by Plaintiff.

11. Defendant acted in good faith and for lawful business purposes, without bad faith intent to profit from Plaintiff's marks, without intent to misappropriate trade secrets, and without the intent to harm Plaintiff.

12. The information Plaintiff claims as "confidential" or "trade secret" does not meet the statutory or common law definitions of a trade secret, was generally known or readily ascertainable by proper means, and/or lacked independent economic value.

1412883.1

13. Any training materials, business strategies, or other content Defendant is alleged to have used were independently developed by Defendant based on her own knowledge, skill, and experience, without reliance on Plaintiff's alleged confidential information.

14. Defendant did not engage in direct competition with Plaintiff or solicitation of Plaintiff's employees or customers during her employment, and any alleged competitive activity occurred, if at all, after her separation.

15. Plaintiff's common law claims are preempted, in whole or in part, by the Arizona Uniform Trade Secrets Act, A.R.S. §§ 44-401 et seq., or other applicable statutes.

16. Plaintiff's claims may be barred by other affirmative defenses contemplated by Rules 8 and 12 of the Federal Rules of Civil Procedure. The extent to which Plaintiff's claims may be barred by one or more of those affirmative defenses cannot be determined until Defendant has had an opportunity to conduct and complete discovery. Therefore, Defendant incorporates all such affirmative defenses as though fully set forth herein.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant requests this Court to dismiss each of Plaintiff's claims with prejudice; award Defendant her attorneys' fees and costs incurred in the defense of this action; and Order any other and further relief as the Court deems just and proper.

1412883.1

DATED this 15th day of August, 2025.

SHIELDS PETITTI & ZOLDAN, PLC

By /s/ Michael Zoldan
  Michael Zoldan
  5090 N. 40th Street, Suite 207
  Phoenix, AZ 85018
  *Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 15, 2025, I electronically transmitted the foregoing document to the United States District Court, District of Arizona, Court Clerk, using the CM/ECF System. All counsel of record are registrants and are therefore served via this filing and transmittal.

/s/ Sarah Arbizo

1412883.1