**MESTAZ LAW**
5090 NORTH 40TH STREET
PHOENIX, AZ 85018
TELEPHONE (602) 806-2068

Daniel B. Mestaz (024477)
Jerry S. Smith (019599)
   daniel@mestazlaw.com
   jerry@mestazlaw.com

*Attorneys for Defendants Mathew L. Grella, Sheridan Murray-Grella and Platinum One Lending, LLC*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| NEXA Mortgage, LLC, an Arizona limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>Kristine Wake, an individual; Mathew L. Grella, an individual; Sheridan Murray-Grella, an individual; Platinum One Lending, LLC, a Michigan limited liability company; Does 1 through 25, inclusive,<br><br>Defendants. | No. CV-25-01506-PHX-GMS<br><br>**Answer to First Amended Complaint**<br><br>**(Assigned to Hon. G. Murray Snow)** |

      Defendants Mathew L. Grella ("Grella"), Sheridan Murray-Grella and Platinum One Lending, LLC ("P1") (collectively, "Defendants"), through counsel undersigned, answer the First Amended Complaint of NEXA Mortgage, LLC ("Nexa") as follows:

1. Paragraph 1 states legal conclusions rather than factual allegations. Accordingly, no response is required. To the extent there are factual allegations alleged therein, Defendants deny them.

2. Defendants admit the allegations contained in Paragraph 2.

3. Defendants admit that Nexa is an Arizona limited liability company, but lack sufficient information to admit or deny the remaining allegations contained in Paragraph 3 and therefore deny them.

4. Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 4 and therefore deny them.

5. Defendants admit the allegations contained in Paragraph 5.

6. Defendants admit the allegations contained in Paragraph 6.

7. Defendants deny that Grella engaged in the acts alleged, but admit the remaining allegations contained in Paragraph 7.

8. Defendants deny that Grella is a dissociated member of Nexa, but admit the remaining allegations contained in Paragraph 8.

9. Defendants admit P1 is a Michigan limited liability company owned by Grella through Black Chicken, LLC and that Wake is a current employee of P1. Defendants deny that P1 is a competitor of Nexa. Defendants lack sufficient information to admit or deny the remaining allegations contained in Paragraph 9 and therefore deny them.

10. Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 10 and therefore deny them.

11. Defendants admit the allegations contained in Paragraph 11.

12. Defendants admit the allegations contained in Paragraph 12.

13. Defendants admit that Wake was hired by Nexa as an outside loan officer in May 2020 and transitioned to a Loan Officer Support Mentor on or about June 7, 2021. In October 2021, Wake held the title of Director of Training. Defendants lack sufficient

information to admit or deny the remaining allegations contained in Paragraph 13 and therefore deny them.

14. Paragraph 14 states legal conclusions rather than factual allegations. Accordingly, no response is required. To the extent there are factual allegations contained therein, Defendants deny them. Defendants deny any remaining allegations or inferences in Paragraph 14, including its subparts, and affirmatively assert that the Agreement, in whole or in part, is unenforceable.

15. Defendants admit that Wake was privy to Nexa information during her employment there. Defendants deny the remaining allegations contained in Paragraph 15.

16. Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 16 and therefore deny them.

17. Defendants admit that Wake developed certain training materials and certain procedures related to the Academy. Defendants deny that the training materials were unique, confidential, or constitute protectible confidential or trade secret information. Defendants deny the remaining allegations or inferences contained in Paragraph 17.

18. Defendants deny the allegations contained in Paragraph 18.

19. Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 19 and therefore deny them.

20. Defendants deny the allegations in Paragraph 20 that her involvement in Nexa's program and access to information could have helped her solicit Nexa employees for a competing business. Defendants lack sufficient information to admit or deny the remaining allegations contained in Paragraph 20 and therefore deny them.

21. Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 21, relating to what Wake took with her when she left the company, and therefore denies them. Defendants denies the remaining allegations contained in Paragraph 21.

22. Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 22 and therefore deny them.

23. Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 23 and therefore deny them.

24. Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 24 and therefore deny them.

25. Defendants deny the allegations contained in Paragraph 25.

26. Defendants deny the allegations contained in Paragraph 26.

27. Defendants deny the allegations contained in Paragraph 27.

28. Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 28 and therefore deny them.

29. Defendants deny the allegations contained in Paragraph 29.

30. Defendants deny the allegations contained in Paragraph 30.

31. Defendants reassert, reallege and incorporate by reference their responses to Paragraphs 1-30 of their Answer to First Amended Complaint.

32. Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 32 and therefore deny them.

33. Defendants admit that from 2017 until March 2024, Nexa used the service mark "NEXA" in connection with mortgage brokerage services, but lack sufficient information to admit or deny the remaining allegations contained in Paragraph 33 and therefore deny them.

34. Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 34 and therefore deny them.

35. Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 35 and therefore deny them.

36. Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 36 and therefore deny them.

37. Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 37 and therefore deny them.

38. Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 38 and therefore deny them.

39. Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 39 and therefore deny them.

40. Paragraph 40 states legal conclusions rather than factual allegations. Accordingly, no response is required. To the extent there are factual allegations alleged therein, Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 40 and therefore deny them.

41. Paragraph 41 states legal conclusions rather than factual allegations. Accordingly, no response is required. To the extent there are factual allegations alleged therein, Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 41 and therefore deny them.

42. Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 42 and therefore deny them.

43. Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 43 and therefore deny them.

44. Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 44 and therefore deny them.

45. Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 45 and therefore deny them.

46. Defendants reassert, reallege and incorporate by reference their responses to Paragraphs 1-45 of their Answer to First Amended Complaint.

47. Defendants deny that the relevant provisions of the contract that they allegedly interfered with are enforceable, but lack sufficient information to admit or deny the remaining allegations contained in Paragraph 47 and therefore deny them.

48. Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 48 and therefore deny them.

49. Defendants deny the allegations contained in Paragraph 49 that pertain to P1. Defendants lack sufficient information to admit or deny the remaining allegations contained in Paragraph 49 and therefore deny them.

50. Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 50 and therefore deny them.

51. Defendants reassert, reallege and incorporate by reference their responses to Paragraphs 1-50 of their Answer to First Amended Complaint.

52. Paragraph 52 states legal conclusions rather than factual allegations. Accordingly, no response is required. To the extent there are factual allegations alleged therein, Defendants deny them.

53. Defendants deny the allegations contained in Paragraph 53.

54. Defendants deny the allegations contained in Paragraph 54.

55. Defendants deny the allegations contained in Paragraph 55.

56. Defendants deny the allegations contained in Paragraph 56.

57. Defendants reassert, reallege and incorporate by reference their responses to Paragraphs 1-56 of their Answer to First Amended Complaint.

58. Paragraph 58 states legal conclusions rather than factual allegations. Accordingly, no response is required. To the extent there are factual allegations alleged therein, Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 58 and therefore deny them.

59. Paragraph 59 states legal conclusions rather than factual allegations. Accordingly, no response is required. To the extent there are factual allegations alleged therein, Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 59 and therefore deny them.

60. Paragraph 60 states legal conclusions rather than factual allegations. Accordingly, no response is required. To the extent there are factual allegations alleged therein, Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 60 and therefore deny them.

61. Paragraph 61 states legal conclusions rather than factual allegations. Accordingly, no response is required. To the extent there are factual allegations alleged therein, Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 61 and therefore deny them.

62. Paragraph 62 states legal conclusions rather than factual allegations. Accordingly, no response is required. To the extent there are factual allegations alleged therein, Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 62 and therefore deny them.

63. Paragraph 63 states legal conclusions rather than factual allegations. Accordingly, no response is required. To the extent there are factual allegations alleged therein, Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 63 and therefore deny them.

64. Paragraph 64 states legal conclusions rather than factual allegations. Accordingly, no response is required. To the extent there are factual allegations alleged therein, Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 64 and therefore deny them.

65. Paragraph 65 states legal conclusions rather than factual allegations. Accordingly, no response is required. To the extent there are factual allegations alleged therein, Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 65 and therefore deny them.

66. Paragraph 66 states legal conclusions rather than factual allegations. Accordingly, no response is required. To the extent there are factual allegations alleged

1  therein, Defendants lack sufficient information to admit or deny the allegations contained
2  in Paragraph 66 and therefore deny them.

3      67.    Paragraph 67 states legal conclusions rather than factual allegations.
4  Accordingly, no response is required. To the extent there are factual allegations alleged
5  therein, Defendants lack sufficient information to admit or deny the allegations contained
6  in Paragraph 67 and therefore deny them.

7      68.    Paragraph 68 states legal conclusions rather than factual allegations.
8  Accordingly, no response is required. To the extent there are factual allegations alleged
9  therein, Defendants lack sufficient information to admit or deny the allegations contained
10 in Paragraph 68 and therefore deny them.

11     69.    Paragraph 69 states legal conclusions rather than factual allegations.
12 Accordingly, no response is required. To the extent there are factual allegations alleged
13 therein, Defendants lack sufficient information to admit or deny the allegations contained
14 in Paragraph 69 and therefore deny them.

15     70.    Paragraph 70 states legal conclusions rather than factual allegations.
16 Accordingly, no response is required. To the extent there are factual allegations alleged
17 therein, Defendants lack sufficient information to admit or deny the allegations contained
18 in Paragraph 70 and therefore deny them.

19     71.    Paragraph 71 states legal conclusions rather than factual allegations.
20 Accordingly, no response is required. To the extent there are factual allegations alleged
21 therein, Defendants lack sufficient information to admit or deny the allegations contained
22 in Paragraph 71 and therefore deny them.

23     72.    Paragraph 72 states legal conclusions rather than factual allegations.
24 Accordingly, no response is required. To the extent there are factual allegations alleged
25 therein, Defendants lack sufficient information to admit or deny the allegations contained
27 in Paragraph 72 and therefore deny them.
28

73. Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 73 and therefore deny them.

74. Paragraph 74 states legal conclusions rather than factual allegations. Accordingly, no response is required. To the extent there are factual allegations alleged therein, Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 74 and therefore deny them.

75. Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 75 and therefore deny them.

76. Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 76 and therefore deny them.

77. Defendants reassert, reallege and incorporate by reference their responses to Paragraphs 1-76 of their Answer to First Amended Complaint.

78. Paragraph 78 states legal conclusions rather than factual allegations. Accordingly, no response is required. To the extent there are factual allegations alleged therein, Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 78 and therefore deny them.

79. Defendants deny the allegations contained in Paragraph 79.

80. Defendants deny the allegations contained in Paragraph 80.

81. Defendants deny the allegations contained in Paragraph 81.

82. Defendants reassert, reallege and incorporate by reference their responses to Paragraphs 1-81 of their Answer to First Amended Complaint.

83. Paragraph 83 states legal conclusions rather than factual allegations. Accordingly, no response is required. To the extent there are factual allegations alleged therein, Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 83 and therefore deny them.

84. Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 84 and therefore deny them.

85. Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 85 and therefore deny them.

86. Defendants reassert, reallege and incorporate by reference their responses to Paragraphs 1-85 of their Answer to First Amended Complaint.

87. Paragraph 87 states legal conclusions rather than factual allegations. Accordingly, no response is required. To the extent there are factual allegations alleged therein, Defendants deny them.

88. Defendants deny the allegations contained in Paragraph 88.

89. Defendants deny the allegations contained in Paragraph 89.

90. Defendants reassert, reallege and incorporate by reference their responses to Paragraphs 1-89 of their Answer to First Amended Complaint.

91. Defendants deny the allegations contained in Paragraph 91.

92. Defendants deny the allegations contained in Paragraph 92.

93. Defendants deny the allegations contained in Paragraph 93.

94. Defendants deny the allegations contained in Paragraph 94.

95. Defendants deny the allegations contained in Paragraph 95.

96. Defendants deny the allegations contained in Paragraph 96.

97. Defendants deny the allegations contained in Paragraph 97.

98. Defendants deny the allegations contained in Paragraph 98.

99. Defendants deny the allegations contained in Paragraph 99.

100. Defendants deny the allegations contained in Paragraph 100.

101. Defendants deny the allegations contained in Paragraph 101.

102. Defendants deny the allegations contained in Paragraph 102.

103. Defendants deny the allegations contained in Paragraph 103.

104. Defendants reassert, reallege and incorporate by reference their responses to Paragraphs 1-103 of their Answer to First Amended Complaint.

105. Defendants deny the allegations contained in Paragraph 105.

106. Defendants deny the allegations contained in Paragraph 106.
107. Defendants deny the allegations contained in Paragraph 107.
108. Defendants deny the allegations contained in Paragraph 108.
109. Defendants deny the allegations contained in Paragraph 109.
110. Defendants deny the allegations contained in Paragraph 110.
111. Defendants deny the allegations contained in Paragraph 111.
112. Defendants deny the allegations contained in Paragraph 112.
113. Defendants deny the allegations contained in Paragraph 113.
114. Defendants deny the allegations contained in Paragraph 114.
115. Defendants deny the allegations contained in Paragraph 115.
116. Defendants deny the allegations contained in Paragraph 116.
117. Defendants deny the allegations contained in Paragraph 117.
118. Defendants reassert, reallege and incorporate by reference their responses to Paragraphs 1-117 of their Answer to First Amended Complaint.
119. Defendants deny the allegations contained in Paragraph 119.
120. Defendants deny the allegations contained in Paragraph 120.
121. Defendants deny the allegations contained in Paragraph 121.
122. Defendants deny the allegations contained in Paragraph 122.

## JURY DEMAND

Defendants do not contest that Plaintiff is entitled to a jury.

## GENERAL DENIAL

Defendants deny each and every allegation alleged in Plaintiff's First Amended Complaint unless it is specifically admitted in this Answer.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted against Defendants.

2. Plaintiff failed to satisfy the prerequisites, jurisdictional or otherwise, to bring some or all of the claims alleged in the Complaint.

3. Plaintiff is not entitled to recover some or all of the damages it seeks because it has failed to mitigate or reasonably attempt to mitigate its purported damages as required by law.

4. Some or all of Plaintiff's claims are barred by the doctrines of estoppel and waiver.

5. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches due to Plaintiff's unreasonable delay in asserting its rights, which has prejudiced Defendants.

6. Some or all of Plaintiff's claims are barred by its own conduct.

7. Any alleged contractual obligations or restrictive covenants are void, voidable, or otherwise unenforceable under applicable law, including but not limited to overbreadth in scope, duration, or geography, lack of consideration, vagueness, or violation of public policy.

8. To the extent Defendants engaged in any acts alleged in the Complaint, such acts were expressly or impliedly authorized, consented to, or ratified by Plaintiff.

9. The information Plaintiff claims as "confidential" or "trade secret" does not meet the statutory or common law definitions of a trade secret, was generally known or readily ascertainable by proper means, and/or lacked independent economic value.

10. Plaintiff's common law claims are preempted, in whole or in part, by the Arizona Uniform Trade Secrets Act, A.R.S. §§ 44-401 et seq., or other applicable statutes.

11. Plaintiff's claims may be barred by other affirmative defenses contemplated by Rules 8 and 12 of the Federal Rules of Civil Procedure. The extent to which Plaintiff's claims may be barred by one or more of those affirmative defenses cannot be determined until Defendants have had an opportunity to conduct and complete discovery. Therefore, Defendants incorporate all such affirmative defenses as though fully set forth herein.

WHEREFORE, having fully answered Plaintiff's First Amended Complaint, Defendants request this Court to dismiss each of Plaintiff's claims with prejudice; award Defendants their attorneys' fees and costs incurred in the defense of this action; and Order any other and further relief as the Court deems just and proper.

Dated this 2nd day of January, 2026.

*/s/ Jerry S. Smith*
Daniel B. Mestaz
Jerry S. Smith
Mestaz Law
*Counsel for Defendants Mathew L. Grella, Sheridan-Murray Grella and Platinum One Lending, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 2nd, 2026, I electronically transmitted the foregoing document to the United States District Court, District of Arizona, Court Clerk, using the CM/ECF System. All counsel of record are registrants and are therefore served via this filing and transmittal.

*/s/ Jerry S. Smith*
Jerry S. Smith